UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BILLY WILLIAMS,

        PETITIONER,

v.                                      ACTION NO. 2:13cv227

HAROLD W. CLARKE,
Director, Virginia Department of Corrections,

        RESPONDENT.

### REPORT AND RECOMMENDATION

Before the Court is Petitioner Billy Williams' Amended Petition for a Writ of *Habeas Corpus* filed pursuant to 28 U.S.C. § 2254 ("amended petition"), ECF No. 11, and the Respondent's motion to dismiss, ECF No. 20.[1] The motion to dismiss was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B)-(C), Federal Rule of Civil Procedure 72(b), Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. After reviewing the briefs, the undersigned disposes of the motion to dismiss on the papers without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 7(J). For the following reasons, the undersigned would find that Williams filed this second or successive habeas petition without first receiving approval from the U.S. Court of

---

[1] Originally, the Respondent filed a motion to dismiss, brief in support, Rule 5 Answer, and *Roseboro* Notice on September 20, 2013. *See* ECF Nos. 14-17. However, in the certificate of service, the Respondent erroneously used the wrong inmate identification number for the petitioner, and therefore he never received the documents. *See* ECF No. 18. Accordingly, the Court ordered the Respondent to file a new Certificate of Service that certified mailing to the Petitioner using his correct inmate identification number (1057371). ECF No. 19. The Respondent did so on October 1, 2013, but instead of just filing a new certificate of service, the Respondent filed the identical documents again. *See* ECF Nos. 20-23. Therefore, the "two" pending motions to dismiss, ECF No. 14 and ECF No. 20, are substantively identical. This recommended disposition resolves both pending motions because they are one and the same.

Appeals for the Fourth Circuit, and therefore, **RECOMMENDS** that the Respondent's motion to dismiss, ECF Nos. 14 and 20, be **GRANTED** and Williams' original petition, ECF No. 1, and his amended petition, ECF No. 11, be **DISMISSED WITHOUT PREJUDICE** to his right to re-file after he receives authorization from the U.S. Court of Appeals for the Fourth Circuit.

## I. BACKGROUND

On April 22, 2013, the Court received what was conditionally filed as Williams' original 28 U.S.C. § 2254 petition, even though it was titled: "Motion for Extrinsic Fraud Upon the Court Pursuant to [Federal Rule of Civil Procedure] 60(b)(3)." ECF No. 1. In this initial filing, Williams challenges the constitutionality of his October 27, 1998 conviction for first-degree murder and use of a firearm in commission of a felony in Virginia Circuit Court for the City of Richmond. *Id.* at 1-2. Subsequently, he was sentenced to a term of life imprisonment plus five years. *Id.* at 2. Substantively, Williams claims that he was denied his right to a fair and impartial jury, and a fair and impartial trial, because one of the jurors allegedly lied during voir dire. *Id.* at 2-4. As a remedy, Williams asks for an evidentiary hearing to determine whether his conviction must be set aside. *Id.* at 12-13.

On July 16, 2013, because Williams was collaterally attacking the constitutionality of a state court conviction and subsequent imprisonment, the undersigned ordered Williams to file an amended petition on the correct form used for 28 U.S.C. § 2254 petitions. ECF No. 8. Williams did so on July 19, 2013,[2] when he filed the amended petition. ECF No. 11. The Virginia Attorney General, on behalf of the Respondent, originally filed a Rule 5 Answer, Motion to Dismiss the Petition, memorandum in support, and a *Roseboro* notice on September 20, 2013.

---

[2] The Court uses the date Williams placed the amended petition in the prison mailing system as the date of filing, pursuant to *Houston v. Lack*, 487 U.S. 266, 271-72 (1988).

2

ECF Nos. 14-17. Identical copies of these documents were filed again on October 1, 2013 as discussed above, and this time, the Respondent used Williams' correct inmate identification number in the certificate of service. ECF Nos. 20-23. Williams filed a response in opposition to the Respondent's motion to dismiss on October 23, 2013. ECF No. 24. The Respondent did not file a reply brief and the time to do so has expired. Therefore, the motion to dismiss is ripe for recommended disposition.

## II. PROCEDURAL ISSUES

### A. Successive Habeas Petitions

This federal district court does not have discretion to consider the merits of a successive petition erroneously filed without having obtained court of appeals authorization. 28 U.S.C. § 2244(b)(3)(A); *United States v. Gallegos*, 142 F.3d 1211, 1212 (10th Cir. 1998) (per curiam). The statute provides that the district court *shall* dismiss a second or successive petition that has not been authorized by the circuit court. 28 U.S.C. §§ 2244(b)(1), (4) (emphasis added).

As an initial matter, Williams argues that he is not seeking habeas relief under 28 U.S.C. § 2254. ECF No. 24 at 2-5. Instead, William claims that he only filed an amended petition on the proper habeas forms because the undersigned ordered him to do so, and rather, he believes the proper "avenue for this court to address this matter/claim" is Federal Rule of Procedure 60(b)(3). *Id.* at 4. Under that rule, the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud . . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). However, Williams is not seeking relief from a final judgment, order, or proceeding of this Court from a prior civil proceeding. Rather, he is ultimately asking this Court to set aside his 1998 criminal conviction from the Virginia state

3

Circuit Court for the City of Richmond because one of the jurors allegedly lied during voir dire, and thus allegedly violated his constitutional right to a fair, impartial jury, and his right to a fair trial. ECF No. 1 at 12-13. Accordingly, Williams is alleging that "he is in custody in violation of the Constitution or laws or treaties of the United States," because his constitutional rights were violated during his state criminal trial. *See* 28 U.S.C. § 2254(a). Therefore, the proper mechanism to challenge such a conviction is through a writ of habeas corpus petition pursuant to 28 U.S.C. § 2254. *Accord United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) ("In light of the tighter restrictions imposed by the AEDPA, including most notably the jurisdictional constraint on review of successive applications filed without authorization, we now hold that district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'") (additional citations omitted) (emphasis in original).

However, on March 18, 2002, Williams filed a previous petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this Court. *See Billy Williams v. Johnson*, 2:02-cv-176 (E.D. Va.). This petition was ultimately denied and dismissed with prejudice on March 18, 2003. *See* 2:02-cv-176, ECF No. 19. Williams appealed that decision to the U.S. Court of Appeals for the Fourth Circuit, which ultimately dismissed the appeal on July 18, 2003. *Id.*, ECF No. 22, 23. Approximately ten years later, Williams filed the original petition in this matter on April 22, 2013. ECF No. 1. Before doing so, however, he failed to first obtain authorization from the U.S. Court of Appeals for the Fourth Circuit to file a second, or successive, habeas petition, as the statute requires him to do. 28 U.S.C. § 2244(b)(3)(A). Without such authorization from the U.S.

Court of Appeals for the Fourth Circuit, this Court has no discretion to address the merits of Williams' claims, and must dismiss the petition on this basis alone, without prejudice to Williams' subsequent attempt to receive authorization. 28 U.S.C. §§ 2244(b)(1), (4). Therefore, the undersigned would find that this petition is a second, or successive, habeas petition filed by Williams without authorization from the U.S. Court of Appeals for the Fourth Circuit, and recommends that the petition be dismissed without prejudice as unauthorized.

### III. RECOMMENDATION

For these reasons, the undersigned would find that Williams filed this second or successive habeas petition without first receiving approval from the U.S. Court of Appeals for the Fourth Circuit, and therefore, **RECOMMENDS** that the Respondent's motion to dismiss, ECF Nos. 14 and 20, be **GRANTED** and Williams' original petition, ECF No. 1, and amended petition, ECF No. 11, be **DISMISSED WITHOUT PREJUDICE** to his right to re-file another petition after he receives authorization from the U.S. Court of Appeals for the Fourth Circuit.

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is

5

made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the Petitioner and counsel of record for the Respondent.

                                                  /s/
                                                  Lawrence R. Leonard
                                                  **United States Magistrate Judge**

                                                  Lawrence R. Leonard
                                                  United States Magistrate Judge

Norfolk, Virginia
February 12, 2014

## **CLERK'S MAILING CERTIFICATE**

A copy of this Report and Recommendation was mailed on this date to the following:

Mr. Billy Williams, #1057371
Nottoway Correctional Center
P.O. Box 488
Burkeville, Virginia 23922
*Pro Se* Petitioner

Ms. Leah Ann Darron
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Counsel for Respondent

_____
Fernando Galindo
Clerk of the Court

By:
Deputy Clerk
February 13, 2014